NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FEB 16 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-30048 |
| Plaintiff-Appellee, | D.C. No. 2:16-cr-00165-WFN |
| v. | |
| MIGUEL ESPINOZA-MUNOZ, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Wm. Fremming Nielsen, District Judge, Presiding

Submitted February 13, 2018[**]

Before: LEAVY, FERNANDEZ, and MURGUIA, Circuit Judges.

Miguel Espinoza-Munoz appeals from the district court's judgment and

challenges the 36-month sentence imposed following his guilty-plea conviction for

being an alien in the United States after deportation, in violation of 8 U.S.C.

§ 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Espinoza-Munoz contends that the district court procedurally erred by

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

failing to remain cognizant of the applicable Guidelines range during sentencing. We review for plain error, see *United States v. Christensen*, 732 F.3d 1094, 1101 (9th Cir. 2013), and conclude that there is none. The district court correctly calculated the sentencing range under the 2016 Guidelines Manual, and used that range as the starting point before varying upward based on the 18 U.S.C. § 3553(a) sentencing factors. *See Gall v. United States*, 552 U.S. 38, 49-50 (2007). The record does not support Espinoza-Munoz's argument that the district court based the sentence on the sentencing range that would have applied under the 2015 Guidelines Manual.

Espinoza-Munoz also contends that his sentence is substantively unreasonable in light of his reasons for returning to the United States and the age of his prior crimes. The district court did not abuse its discretion. *See id.* at 51. The 36-month sentence is substantively reasonable in light of the section 3553(a) sentencing factors and the totality of the circumstances, including Espinoza-Munoz's criminal and immigration history. *See Gall*, 552 U.S. at 51.

**AFFIRMED.**